**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER HARTL**

        **Plaintiff,**

   -vs-                                                          Case No. 6:11-cv-346-Orl-22GJK

**PALM BEACH GRADING, INC. and**
**ROBERT RICHARDSON,**

        **Defendants.**
_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND RENEWED JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE (Doc. No. 33)** |
| **FILED:** | **February 10, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff and Defendants jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. Nos. 33, 33-1.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

2

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id*.[2] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage and retaliation, which constitute a bona fide dispute. *See* Doc. Nos. 1, 7, 13, 33. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. In the Motion, the parties

---

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.
[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.
[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

state that Plaintiff was employed as a "Pipe Foreman" for Defendants, and Plaintiff was expected "to supervise, manage and oversee the work of 4-5 employees . . . [along with] similar managerial duties." Doc. No. 33 at 1. Plaintiff was paid an annual salary, regardless of how many hours he worked, of $62,400.00 per year or $1,200.00 per week. Doc. No. 33 at 1-2. Plaintiff acknowledges that he was paid on a salary basis, but maintains that he should have been classified as a "non-exempt" employee under the FLSA. Doc. No. 33 at 2. Thus, Plaintiff asserts that he is entitled to be compensated an additional half-time rate of $15.00 per hour for 358 hours of overtime worked. Doc. No. 33 at 2.[5]

The Agreement, an executed copy of which is attached to the Motion, provides for an total settlement amount of $14,000.00 to settle all of Plaintiff's claims, attorneys' fees and costs. Doc. No. 33-1 at 1. In the Motion, the parties state that the settlement proceeds will be allocated as follows: $8,000.00 to Plaintiff for "back wages and liquidated damages," and $6,000.00 for attorneys' fees and costs. Doc. No. 33 at 3. Plaintiff states that he agreed to compromise his claim after considering Defendants' argument that he is exempt under the FLSA and that the failure to pay overtime was unintentional. Doc. No. 33 at 3. It is recommended that the Court find Plaintiff's compromise under the Agreement is reasonable.

In the Motion, the parties state that Plaintiff's counsel will receive $6,000.00 in attorneys' fees and costs. Doc. No. 33 at 3.[6] As set forth in the chart below, Plaintiff's counsel attaches a detailed affidavit and time sheet showing the total amount of time spent on the case, the

---

[5] In his verified answers to the Court's interrogatories, Plaintiff states that he is owed $16,132.50 in unpaid overtime wages and an equal amount in liquidated damages for a total of $32,265.00. Doc. No. 13 at 2. However, in the Motion, Plaintiff concedes that estimate was made in error based on a time and a half rate of $45.00 per hour. Doc. No. 33 at 2.

[6] The parties acknowledge that the allocation for attorneys' fees and costs were not negotiated separately between Plaintiff and Defendants. Doc. No. 33 at 3-4.

individual who performed each task, the hourly rate for the individual performing each task, an explanation as to why the hourly rate for each individual is reasonable, and a description of the total costs incurred on the case. Doc. Nos. 33-3; 33-4.

| Attorney/Paralegal | Hourly Rate | Time | Total |
|---|---|---|---|
| Maurice Arcadier, Esq. | $250.00 | 17.75 | $4,437.50 |
| Stephen Biggie, Esq. | $250.00 | 15.65 | $3,912.50 |
| Diana Rebensky | $85.00 | 1.0 | $85.00 |
| Mariah C. Laveria | $85.00 | 1.6 | $136.00 |
| Dawn Rimides | $85.00 | 3.45 | $293.25 |
| Total | | | $8,864.25 |

Doc. Nos. 33-3; 33-4. Thus, Plaintiff incurred $8,864.25 in attorneys' fees. *Id*. In the attached affidavit and timesheets, Plaintiff's counsel also states that he incurred $1,375.00 in costs, for a total of $10,239.25 in attorneys' fee and costs. *Id*. The amount allocated for attorneys' fees and costs ($6,000.00) is $4,239.25 less than the amount claimed in the affidavit and time sheets ($10,239.25). Accordingly, it is recommended that the Court find that the allocation of settlement proceeds between Plaintiff and his counsel is fair and reasonable.

Based on the forgoing, it **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 33) only to the extent that the Court finds the Agreement is fair and reasonable;
2. Enter an order dismissing the case with prejudice; and
3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** in Orlando, Florida on February 15, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented parties